

GOWEN | RHOADES
WINOGRAD & SILVA PLLC

April 19, 2016

**VIA HAND-DELIVERY**

Clerk of Court
United States District Court
  for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:    <u>Lindsley v. American Honda Motor Co., Inc., *et. al.*, U.S. District Court for the Eastern District of Pennsylvania, No. 2:16-cv-00941-RBS</u>

Dear Clerk of Court:

    I am enclosing an original and one copy of the Complaint in the above-referenced case. Please file the original, time-stamp the copy and return it to the courier who has been instructed to wait. In addition, I am enclosing a CD containing an electronic version of today's filing along with the relevant cover sheets.

    Thank you for your attention to this matter.

                          Very truly yours,

                          GOWEN RHOADES WINOGRAD & SILVA, PLLC

                          Mark L. Rhoades
                          Partner

MLR/mt
Enclosures

cc:    The Honorable R. Barclay Surrick (via hand-delivery) (with courtesy copy of Complaint)
        Tiffany Alexander, Esquire (via email) (with copy of Complaint)

1420 Walnut Street, Suite 1320 | Philadelphia, PA 19102 ›› 513 Capitol Court, NE, Suite 100 | Washington, DC 20002
P 215.496.9002 | 202.380.9355 | F 202.499.1370 | info@gowenrhoades.com | gowenrhoades.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Margret Lindsley

### DEFENDANTS
American Honda Motor Company, Inc., et al.
Ada Techbologies, Inc.

**(b)** County of Residence of First Listed Plaintiff: Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Los Angeles County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gowen Rhoades Winograd & Silva PLLC
1420 Walnut Street, Suite 1320, Philadelphia, PA 19102
215-496-9002

Attorneys *(If Known)*
Campbell Campbell Edwards & Conroy PC
1205 Westlakes Drive, Suite 330, Berywyn, PA 19312
610-964-1900

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Tort - Automobile Defect

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/19/16
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 302 Penn Oak Road, Flourtown, PA 19031

Address of Defendant: 1919 Torrance Boulevard, Mail Stop: 500 - 2N - 7A, Torrance, CA 90501-2746

Place of Accident, Incident or Transaction: Montgomery County, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, Mark L. Rhoades, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/15/16       _[signature]_       80641
             Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/19/16       _[signature]_       80641
             Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARGARET LINDSLEY | : | CIVIL ACTION |
| v. | : | |
| AMERICAN HONDA MOTOR COMPANY, INC., et al., | : | NO. 2:16-cv-000941-RBS |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 04/19/2016 | Mark L. Rhoades | Margaret Lindsley |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-496-9002 | 202-499-1370 | mrhoades@gowenrhoades.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

GOWEN RHOADES WINOGRAD & SILVA PLLC      Attorney for Plaintiff
BY: MARK L. RHOADES
ATTORNEY I.D. NO: 80641
1420 Walnut Street
Suite 1320
Philadelphia, PA 19102
Phone: 215-496-9002
Fax: 202-499-1370
mrhoades@gowenrhoades.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET LINDSLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., et al.,<br><br>*Defendants.* | CIVIL ACTION<br><br>DOCKET NO.: 2:16-cv- 00941-RBS<br><br>Jury Trial Demanded |

### COMPLAINT

Plaintiff, Margaret Lindsley ("Lindsley or "Plaintiff"), by and through her undersigned attorneys, files this Complaint and alleges as follows:

### PRELIMINARY STATEMENT

1. On the evening of December 31, 2013, Lindsley was preparing to celebrate New Year's Eve with her friends. However, unfortunately for her, given the actions and inactions of the Defendants, Lindsley spent the night at the hospital as the victim of a defective design of her 2013 Honda CRV.

2. Although she had put the transmission of her Honda CRV into the "Park" position, the gear selection lever on the automatic transmission slipped out of "Park" when she attempted to exit while parked at her friend's house.

3.      Because the transmission slipped out of "Park", Lindsley was pulled under the car as she was exiting the driver's side door, causing the car to roll over her as she became trapped between the open car door and the frame of the vehicle. The left front tire of the vehicle rolled over her ankle causing a severe break of her ankle and other injuries to her body. She also observed the wheel narrowly miss rolling over her head as the tire passed inches from her face.

4.      Although the gear selection lever was placed into the "Park" position and is purportedly designed not to move from the "Park" position unless the driver's foot depresses the brake, the gear selection did move from the "Park" position without Lindsley depressing the brake due to a defect in the manufacture and design of the Brake Transmission Shift Interlock.

5.      As a result of this defect, the vehicle began to roll, running over her and causing serious and permanent injury.

6.      With this action, Lindsley seeks to hold the Defendants accountable for their conduct and to seek redress for her significant personal injuries.

## PARTIES

7.      Plaintiff, Margaret Lindsley, is a female adult individual residing at 309 Penn Oak Road, Flourtown, Montgomery County, Pennsylvania 19031. Lindsley is currently 81 years old.

8.      Defendant, American Honda Motor Co. Inc. ("Honda"), is a California corporation with its national headquarters at 1919 Torrance Blvd., Torrance, California.

9.      Honda does business within the Commonwealth of Pennsylvania.

10.     Honda is a subsidiary of Honda Motor Co., Ltd., a Japanese corporation.

11.     Defendant, Ada Technologies, Inc. ("Ada Technologies"), is an Ohio corporation with its headquarters at 805 East North Avenue, Ada, Ohio. Upon information and belief, Ada

conducts business within the Commonwealth of Pennsylvania and its products are sold in Pennsylvania.

## JURISDICTION AND VENUE

12. This case was commenced by Plaintiff by the filing of a Writ of Summons in the Montgomery County Court of Common Pleas on December 29, 2015. On February 26, 2016, Defendant, Honda, filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Because this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

13. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and because a substantial part of the acts giving rise to the claims alleged herein occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

14. All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

15. In 2013, Plaintiff purchased a 2013 Honda CR-V (hereinafter "the CR-V"). The Vehicle Identification Number assigned to the CR-V by Honda is 5J6RM4H57DL005388.

16. Unknown to Plaintiff at the time of purchase, her CR-V contained an admitted manufacturing defect in the Brake Transmission Shift Interlock ("the BTS Interlock").

17. As stated by Honda in its letter to the National Highway Traffic Safety Administration dated April 12, 2013, Honda learned by no later than April 5, 2013, that the BTS Interlock on 204,169 Honda vehicles, including Plaintiff's CR-V, had a manufacturing defect.

18. In the letter dated April 12, 2013, Honda admitted the following:

3

>On April 5, 2013 Honda Motor Co., Ltd. (HMC) determined that a non-compliance with the requirements of Section 5.3 of FMVSS 114, Brake Transmission Shift Interlock, exists in the automatic transmission gear selector lever of certain 2012-2013 model year Honda CR-V ... automobiles, and is providing notification to the National Highway Safety Administration in accordance with 49 CFR Part 573 Defect and Noncompliance Reports.

19.   In the letter dated April 12, 2013, Honda provided further detail regarding the admitted defect in the BTS Interlock:

>Defect description:
>
>Due to a manufacturing error the brake-shift interlock function of the automatic transmission gear selector may not operate properly at low temperatures. If the brake-shift interlock mechanism was manufactured improperly, it will have tight tolerances that are susceptible to increased friction when the parts contract at low temperatures. As a result, at sub-freezing temperatures, the first time after an affected brake shift interlock blocking mechanism is operated, it may become slow to return to its proper position per design. Delayed operation of the brake shift interlock blocking mechanism could allow the gear selector to be moved from the Park position without pressing the brake pedal, causing the mechanism to fail to comply with the requirements of Section 5.3 of FMVSS 114.

20.   On the evening of December 31, 2013, Lindsley had plans to celebrate New Year's Eve with her friends. At approximately 5:30 p.m., Lindsley left her home and drove approximately 10 minutes away to a friend's house in her CR-V. It was the first time that she drove the CR-V that day.

21.   It was below freezing when she drove the CR-V on December 31, 2013.

22.   When she arrived at her friend's house, Lindsley circled around the cul-de-sac and parked in front of her friend's house, with the car pointed in the direction that she would need to travel when she left.

23.   When she stopped the car in front of her friend's house, she put the automatic transmission in the "Park" position to wait for her friend to exit her house.

4

24. While she was waiting for her friend, Ms. Lindsley exited the vehicle to secure bottles of champagne that had been rolling around in the rear cargo area of the CR-V during the approximate 10-minute drive from her house.

25. At the time she exited the vehicle, the motor was still running.

26. As she was exiting the CR-V, the vehicle began to roll backwards down a slight grade on the street outside her friend's house, even though she had placed the gear selection lever in the "Park" position.

27. As the CR-V continued to roll backwards, Lindsley was caught between the car door and the frame of the vehicle and violently thrown to the ground and dragged.

28. As the CR-V continued to roll backward, Lindsley's left foot and leg were run-over by the left front wheel causing a severe break of her ankle and serious abrasions to her foot.

29. As the CR-V continued to roll backward, Lindsley's left hand was run-over by the left front wheel causing a severe break to one of the fingers on her left hand.

30. As the CR-V continued to roll backward, Lindsley saw the left front wheel pass inches from her face and she was in imminent fear that her head was about to be crushed by the wheel. Fortunately for Lindsley, she was able to crawl away just in time to avoid certain death.

31. Ultimately the CR-V came to rest in a creek in the front yard of a neighbor's house after jumping the curb of the cul-de-sac and hitting a cable utility box in the neighbor's yard.

## CAUSES OF ACTION
## COUNT I
### NEGLIGENCE
### Ms. Lindsley v. Defendants

32.     All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

33.     At all times relevant hereto, Defendants designed, manufactured, assembled, marketed, advertised, sold, and otherwise supplied into the stream of commerce a product for distribution, sale, or use in this and other states – namely the 2013 CR-V.

34.     At all times relevant hereto, each Defendant individually had a duty to design, manufacture, assemble, sell, and distribute the CR-V in a reasonably safe condition for the respective purposes for which such product was to be used, and for which such product was designed, manufactured, and sold.

35.     The Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act, including but not limited to, manufacturing the CR-V with an admitted manufacturing defect in the BTS Interlock.

36.     The CR-V, at the time it left the Defendants' possession, was defective and unreasonably dangerous for its intended use.

37.     Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

## COUNT II

## STRICT PRODUCT LIABILITY

### Ms. Lindsley v. Defendants

38. All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

39. The Defendants defectively designed and/or improperly manufactured, and then sold the CR-V in a defective and dangerous condition, in that the CR-V failed to protect the Plaintiff from serious injury while utilizing the CR-V in a manner for which it was intended.

40. The CR-V was more dangerous than expected by the consumer due to the admitted defect in the BTS Interlock.

41. By no later than April 5, 2013, the Defendants determined that a safety related defect existed and advised the National Highway Traffic Safety Administration that it intended to conduct a nationwide recall of affected vehicles including Lindsley's CR-V.

42. At the time of Plaintiff's injuries, her CR-V was being used in a reasonable manner that was foreseeable by the Defendants.

43. Because of the above-mentioned defects, the Honda CR-V was not fit for the purpose it was intended.

44. Defendants are strictly liable in tort to Plaintiff.

45. Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

## COUNT III

### BREACH OF WARRANTY

### Ms. Lindsley v. Honda

46. All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

47. Honda made certain warranties, both express and implied, with respect to the CR-V that was sold to Plaintiff.

48. By no later than April 5, 2013, Defendants determined that a safety related defect existed and decided to conduct a safety recall.

49. Those warranties, both express and implied, were breached by Honda.

50. The CR-V, including its components and subassemblies, was neither merchantable nor fit for its intended use and, on the contrary, was defective and unreasonably dangerous due to the breach by Honda of the implied and express warranties of merchantability and fitness for use.

51. Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

## COUNT IV

## FAILURE TO WARN

### Ms. Lindsley v. Defendants

52.     All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

53.     The CR-V was inherently dangerous and defective in that it placed Plaintiff in imminent danger.

54.     Defendants knew or should have known that the CR-V was defective and unsafe, and it was the duty of Defendants to warn and notify Plaintiff of said dangers including but not limited to warning Plaintiff that it was unsafe to drive the CR-V until the defect was remedied. This, the Defendants wholly failed to do.

55.     Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

## COUNT V

## VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. §§ 201-1 *et seq.*)

### Ms. Lindsley v. Defendants

56.     All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

57.     Plaintiff is a person as defined by the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1(2).

58. By selling the defective CR-V to Plaintiff, the Defendants engaged in an unfair and deceptive act or practice as defined by the UTPCPL.

59. More specifically, the Defendants violated the UTPCPL by representing that the CR-V was, *inter alia*, safe for its intended purpose, was consistent with the reputation for safety that a reasonable consumer would presume existed in a car manufactured by Honda, had the safety characteristics and features consistent those exposed and advertised by Honda, and would otherwise comply with federal law when it was not all in violation of 73 P.S. § 201-2(4)(v), (vii) and (xxi).

60. Plaintiff relied on Defendants' representations as to the safety and reliability of the CR-V when she purchased the vehicle.

61. Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

62. As a direct and proximate result of the violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Plaintiff is entitled to a judgment against Defendants for three times the actual damages, reasonable attorneys' fees and costs, and any other relief deemed necessary and proper pursuant to 73 P.S. § 201-9.2.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Ms. Lindsley v. Defendants

63. All allegations of the preceding paragraphs are incorporated herein as though set forth in full.

64. When Lindsley saw the left front wheel of the CR-V rolling toward her head after it had rolled over her left leg, she was in imminent fear of the wheel rolling across her head and killing her instantly.

65. Lindsley suffered shock and distress as a direct result of the physical injury suffered, as well as the reasonable fear that her head was going to be crushed resulting in her instant death.

66. The Defendants had a contractual and/or fiduciary duty to Lindsley to ensure that the CR-V was safe for its intended purpose and would not cause injury to her.

67. Lindsley is entitled to compensation for her shock and distress arising from her fear that she would be killed by the negligent actions of the Defendants.

68. Defendants' aforesaid actions caused direct and proximate injury and damages to the Plaintiff, including but not limited to emotional distress including the fear of imminent death, compensable in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief against Defendants, jointly and severally, for all damages suffered, including but not limited to pain and suffering, disfigurement, loss of enjoyment of life, emotional distress including the fear of imminent death, past and future medical expenses and general damages in an amount in excess of the jurisdictional limits of this Honorable Court and in an amount to be determined at trial, plus punitive damages and attorneys' fees and cost, and such other and further relief as the Court deems just and all other damages to the fullest extent provided by Pennsylvania law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Respectfully submitted,

**GOWEN RHOADES WINOGRAD & SILVA, PLLC**

Dated: April 19, 2016          BY: /s/ Mark L. Rhoades

MARK L. RHOADES, ESQUIRE
ATTORNEY I.D. NO: 80641
1420 Walnut Street
Suite 1320
Philadelphia, PA  19102
Phone: 215-496-9002
Fax: 202-499-1370
mrhoades@gowenrhoades.com

Attorney for Plaintiff,
Margaret Lindsley

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint was served upon the following on April 19, 2016, through electronic mail:

Tiffany M. Alexander, Esquire
Campbell Campbell Edwards & Conroy
1205 Westlakes Drive
Suite 330
Berwyn, PA 19312

_____
Mark L. Rhoades, Esq.
*Attorney for Plaintiff*